

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00123-CR

———————————————

ROGER EUGENE FAIN, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1023944D

Before Kerr, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Roger Eugene Fain appeals the trial court's order denying his motion to require the State to compare unidentified DNA profiles found via Chapter 64 postconviction DNA testing to the DNA profiles in the FBI's and Texas Department of Public Safety's databases. *See* Tex. Code Crim. Proc. Ann. arts. 64.035, 64.05. We affirm.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion, in which counsel has determined, after examining the appellate record, that no arguable grounds for appeal exist. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet *Anders*'s requirements, presenting a professional evaluation of the entire record demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. Although provided the opportunity to seek a copy of the appellate record and to file a pro se response, appellant has not done so. Likewise, the State did not respond to the *Anders* brief.

After carefully reviewing the record and counsel's brief, we agree with counsel that this appeal is wholly frivolous and without merit. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (noting reviewing court's duty to make independent determination after reviewing record); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Our independent review of the record reveals no arguable grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We

therefore grant counsel's motion to withdraw and affirm the trial court's order denying appellant relief.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 7, 2022